United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CHATMAN, ) | No. C 08-0050 MMC (PR) |
| ) Plaintiff, ) | **ORDER OF DISMISSAL** |
| v. ) | |
| COUNTY OF SAN MATEO, et al., ) | |
| ) Defendants. ) | |
| _____ ) | |

On January 4, 2008, plaintiff, a California prisoner incarcerated at High Desert State Prison in Susanville, California, and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C.

§ 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Background

Plaintiff alleges the following: On June 6, 2000, at which time plaintiff was incarcerated as a pretrial detainee at the San Mateo County Jail, he refused to go to court. In response, jail officials forcibly removed plaintiff from his cell and strapped and chained him into a "restraint chair." When plaintiff complained that he was in severe pain from being so restrained, jail officials ignored his pleas to be released and held him in the restraint chair for several hours, using force to revive plaintiff when he lost consciousness. Thereafter, plaintiff was placed in administrative segregation, where he remained for several months. During that period, jail officials failed to alleviate plaintiff's physical suffering or provide him with basic necessities, confiscated his legal materials, and retaliated against him for filing administrative grievances. On November 20, 2000, plaintiff was released from administrative segregation and transferred to San Quentin State Prison. Plaintiff alleges the violation of his constitutional rights as a result of the injuries he incurred at the San Mateo County Jail. He seeks monetary damages.

C.  Plaintiff's Claims

Plaintiff's allegations, when liberally construed, state cognizable claims for relief. See Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979) (holding Due Process Clause of Fourteenth Amendment protects post-arraignment pretrial detainee from conditions of confinement amounting to punishment); Lewis v. Casey, 518 U.S. 343, 350 (1996) (holding prisoners have constitutional right of access to the courts); Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (holding prisoners may not be retaliated against for using administrative grievance process). Plaintiff's claims cannot go forward, however, as they are barred by the applicable statute of limitations.

Although the statute of limitations is an affirmative defense that normally may not be

2

raised by the court sua sponte, it may be grounds for sua sponte dismissal of an in forma pauperis complaint where the defense is complete and obvious from the face of the pleadings or the court's own records. See Franklin v. Murphy, 745 F.2d 1221, 1228-30 (9th Cir. 1984). Here, plaintiff has been granted leave to proceed in forma pauperis and, for the reasons discussed below, the Court finds, from the face of plaintiff's complaint and the court's records, the statute of limitations is a complete and obvious defense to the claims raised herein.

Section 1983 does not contain its own limitations period. See Elliott v. City of Union City, 25 F.3d 800, 802 (9th Cir. 1994). Rather, the appropriate period is that of the forum state's statute of limitations for personal injury torts. See Wilson v. Garcia, 471 U.S. 261, 276 (1985). In the event the state has multiple statutes of limitations for different torts, federal courts considering claims brought pursuant to § 1983 borrow the general or residual statute for personal injury actions. See Silva v. Crain, 169 F.3d 608, 610 (9th Cir. 1999). Effective January 1, 2003, California's general residual statute of limitations for personal injury actions is two years; prior to that date, the limitations period for such actions was one year. See Maldonado v. Harris, 370 F.3d 945, 954-55 (9th Cir. 2004). Additionally, a federal court must give effect to a state's tolling provisions. See Hardin v. Straub, 490 U.S. 536, 543-44 (1989). In California, incarceration of the plaintiff is a disability that tolls the statute for a maximum of two years. See Cal. Civ. Proc. Code § 352.1.

A claim accrues when the plaintiff knows or has reason to know of the injury that forms the basis of that cause of action. See TwoRivers v. Lewis, 174 F.3d 987, 991-92 (9th Cir. 1999); Elliott, 25 F.3d at 802. Here, plaintiff alleges he was injured by jail officials during the period of his confinement at the San Mateo County Jail, a period comprising the dates June 6, 2000 through November 20, 2000; consequently, plaintiff's claims of injury accrued no later than November 20, 2000. As plaintiff had three years from the date on which his claims accrued in which to file his complaint against defendants, he was required

to do so by no later than November 20, 2003.[1]  Plaintiff, however, did not file the instant action until January 1, 2008.

As plaintiff filed his complaint more than four years after the statute of limitations had expired, the instant action is time-barred.  The Court further finds that plaintiff's complaint, when read with the requisite liberality, contains no allegation that would suggest plaintiff is able to show he is entitled to any period of statutory tolling other than that discussed above.  See Jablon v. Dean Witter & Co., 614 F.2d 677, 683 (9th Cir. 1980) (holding complaint may be dismissed on statute of limitations grounds where allegations therein, even when read with required liberality, would not permit plaintiff to prove statute was tolled).  Such conclusion is further supported by the court's records, which show that, during the relevant statutory period, plaintiff was able to file several other civil actions in federal court.  Specifically, between June 6, 2000, the date of accrual of any claim based on the first injury at issue in the instant action, and November 20, 2003, the date on which the statute of limitations expired, plaintiff filed three civil rights actions in this court, one of which raised claims based on plaintiff's conditions of confinement at the San Mateo County Jail.[2]  Additionally, during the same statutory period, plaintiff filed two civil rights actions in the United States District Court for the Eastern District of California.[3] [4]

---

[1] The two-year statute of limitations for personal injury actions, which statute became effective January 1, 2003, does not apply retroactively to claims that accrued prior to that date.  See Maldonado, 370 F.3d at 954-55.  Thus, plaintiff had one year under the pre-2003 statute of limitations, plus an additional two years under the statute that tolls for the disability of imprisonment, in which to file his action.

[2] The three civil rights actions filed in this court during the relevant time period are Chatman v. Horsley, C 00-2643 MMC (PR), Chatman v. Adams, C 01-3301 MMC (PR), and Chatman v. Early, C 03-2820 MMC (PR).  The first action, Chatman v. Horsley, concerned plaintiff's conditions of confinement at the San Mateo County Jail, where he was then incarcerated.

[3] The two civil rights actions filed in the Eastern District are Chatman v. Felker, C 03-02415 JAM KJM (PC), and Chatman v. Tyner, C 03-06636 AWI SMS (PC).

[4] A review of the federal courts' "U.S. Party/Case Index" shows that from the year 2000 to the present, plaintiff has filed nine civil actions in this court (six civil rights actions and three habeas corpus actions) and eight civil actions in the Eastern District (six civil rights actions and two habeas corpus actions).

4

1  In sum, even when the complaint is read with the required liberality, it is obvious from
2 the face of the complaint and the court's records that the claims have been brought outside of
3 the applicable period of limitations, and, accordingly, the action will be dismissed.

## CONCLUSION

For the foregoing reasons, the above-titled action is hereby DISMISSED with prejudice as time-barred.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: August 28, 2008

_____
MAXINE M. CHESNEY
United States District Judge